**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROADCASE.COM, INC.,**

**Plaintiff,**

**v.** **Case No.: 8:26-cv-2026-JLB-AAS**

**PROFORWARD, INC.,**

**Defendant.**
**_____________________________________/**

**ORDER**

Plaintiff, Roadcase.com, Inc. ("Roadcase"), moves for entry of default judgment against defendant ProForward, Inc. ("ProForward"). (Doc. 25).

## I. PROCEDURAL HISTORY AND BACKGROUND

On July 15, 2026, Roadcase filed a six-count complaint alleging four counts against ProForward and two counts against Blue-Grace Logistics LLC ("Blue-Grace"). (Doc. 1). The complaint arises from an alleged loss of cargo resulting in damages to Roadcase. (*Id.*). Roadcase served ProForward on July 20, 2026 via service on its registered agent. (Doc. 15). ProForward failed to respond to the complaint. On August 14, 2026, Roadcase moved for clerk's entry of default against ProForward, and the court granted the motion. (Docs. 19, 20).

On September 21, 2026, Roadcase moved for entry of default judgment. (Doc. 25). On September 22, 2026, Roadcase filed an amended complaint. (Doc.

26). The amended complaint asserted no new counts against either of the defendants but asserted new factual claims against Blue-Grace Logistics. (*See Id.*). The amended complaint includes a certificate of service stating Roadcase sent a hard copy of the amended complaint to ProForward via first-class mail on September 22, 2026. (*Id.* at 38).

After Roadcase filed the amended complaint, the court entered an order denying as moot Blue-Grace's motion to dismiss. (Doc. 28). Blue-Grace filed a second motion to dismiss, but Roadcase voluntarily dismissed all claims against Blue-Grace, leaving the only remaining claims against ProForward. (Docs. 31, 32).

## II. ANALYSIS

Roadcase requests the court enter a default judgment against ProForward on the original complaint. However, the original complaint is no longer the operative complaint. The federal district courts in the Eleventh Circuit have consistently concluded the filing of an amended complaint moots a previous entry of default based on a prior complaint. *See Barbuto v. Miami Herald Media Co.*, No. 21-CV-20608, 2022 WL 2237164, at *2 (S.D. Fla. June 22, 2022); *DePuy Synthes Products, Inc. v. Veterinary Orthopedic Implants, Inc.*, No. 3:18-cv-1342-HES-PDB, 2021 WL 11726051, at *1 (M.D. Fla. Aug. 31, 2021); *Phoenix Ent. Partners, LLC v. Jellyfish, LLC*, No. 17CV929, 2018 WL 10517181, at *1 (N.D. Fla. Apr. 12, 2018). This is because "[a]n amended

pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (internal quotations and citation omitted).

Consequently, a plaintiff may not pursue a default judgment on the original complaint after the plaintiff amends the complaint. Instead, the plaintiff must pursue a default judgment on the amended complaint. Because Roadcase properly served the amended complaint on ProForward consistent with Rules 5(a)(2) and 15(a)(3) of the Federal Rules of Civil Procedure and the deadline for ProForward to respond to that complaint passed without ProForward responding to the amended complaint, the clerk may enter a clerk's default against ProForward on the amended complaint. Subsequent to the entry of the clerk's default against ProForward on the amended complaint, Roadcase may move for default judgment against ProForward on the amended complaint.

## III. CONCLUSION

Accordingly, the court rules as follows:

A. Plaintiff's Motion for Default Judgment (Doc. 25) is **DENIED AS MOOT**;

B. The clerk is directed to enter a clerk's default against ProForward on the amended complaint.

**ORDERED** in Tampa, Florida on October 20, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge